UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PETER JOHNSON
642 Black Earth Drive
De Pere, Wisconsin 54115

    Plaintiff,

v.

AXIOM STRATEGIES, LLC
1251 NW Briarcliff Parkway, Suite 85
Kansas City, Missouri 64116

    and

339 GROUP, LLC d/b/a
CANNON RESEARCH GROUP
309 Third Street, Suite 48
Annapolis, Maryland 21403

    Defendants

Case No.: 18-cv-1998

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Peter Johnson, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin, Defendants reside and/or operate their businesses in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Peter Johnson, is an adult male resident of the State of Wisconsin with a post office address of 642 Black Earth Drive, De Pere, Wisconsin 54115.

5. Defendant, Axiom Strategies, LLC, (hereinafter simply "Defendant Axiom"), was, at all material times herein, a commercial entity with a principal address of 1251 NW Briarcliff Parkway, Suite 85, Kansas City, Missouri 64116.

6. Defendant Axiom is political consulting company.

7. Defendant, 339 Group, LLC d/b/a Cannon Research Group, (hereinafter simply "Defendant Cannon"), was, at all material times herein, a commercial entity with a principal address of 309 Third Street, Suite 48, Annapolis, Maryland 21403.

8. Defendant Cannon is political research company.

9. Defendant Cannon is a division, or "the research arm," of Defendant Axiom.

10. Defendant Cannon is owned by Defendant Axiom.

11. During the relevant time periods as stated herein, Defendants, both collectively and individually, were engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendants, both collectively and individually, employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, both collectively and individually, exceeded $500,000.

14. During the relevant time periods as stated herein, Defendants, both collectively and individually, were "employers" as that term is defined under the FLSA and the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

16. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

17. In approximately April 2018, Defendants hired Plaintiff as a Campaign Worker.

18. During Plaintiff's employment with Defendants, Plaintiff's job duties and job responsibilities included travelling across the State of Wisconsin, attending political events, and working on political campaigns.

19. During Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff with a monthly salary of $2,000.00, plus mileage reimbursement.

20. During Plaintiff's employment with Defendants, Plaintiff reported directly to Robert Granoski, an employee of Defendants.

21. During Plaintiff's employment with Defendants, Plaintiff worked approximately eight (8) hours per day, forty (40) hours per week.

22. In approximately May 2018, Plaintiff's employment with Defendants ended.

23. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Plaintiff performed the type of compensable work as identified in Paragraph 18, above, on behalf of Defendants, with Defendants knowledge, and/or at the direction of Defendants.

24. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants did not compensate Plaintiff for any work performed on behalf of Defendants, with Defendants knowledge, and/or at the direction of Defendants.

25. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants did not compensate Plaintiff with at least a minimum wage of $7.25 per hour for any and all hours worked or work performed.

26. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants did not compensate Plaintiff with his previously agreed-upon monthly salary, $2,000.00, for any and all hours worked or work performed.

27. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants did not compensate Plaintiff with his previously agreed-upon mileage reimbursement during his employment with Defendants.

28. As a result of Defendants' unlawful failure to compensate Plaintiff for any and all hours worked or work performed during his employment with Defendants from approximately April 2018 to May 2018, Defendants owe Plaintiff a total monetary amount of approximately $3,364.00, in addition to liquidated damages and attorneys' fees and costs.

29. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all (or any) hours worked, in violation of the FLSA and WWPCL.

30. Defendants knew or should have known that, in accordance with the FLSA and the WWPCL, they must compensate Plaintiff for all hours worked and work performed during workweeks when he performed compensable work with at least a minimum wage and/or at his agreed-upon rate of pay.

31. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)

32. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

33. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

34. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

35. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

36. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants' failure to properly and legally compensate Plaintiff for any and all compensable work performed was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

37. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendants in accordance with the FLSA.

38. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

39. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (MINIMUM WAGE AND FAILURE TO PAY AN AGREED UPON WAGE)

40. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

41. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

42. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

43. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

44. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at a minimum wage.

45. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

46. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Defendants failed to compensate Plaintiff for all hours worked and work performed at his normal and previously agreed-upon rate of pay: $2,000.00 per month, plus mileage reimbursement.

47. During Plaintiff's employment with Defendants from approximately April 2018 to May 2018, Plaintiff was entitled to payments from Defendants at his agreed-upon wage, as defined in Wis. Stat. § 109.01(3), for all hours worked and work performed during said workweeks.

48. Defendants willfully violated the WWPCL by failing to compensate Plaintiff for any and all hours worked from approximately April 2018 to May 2018.

49. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

50. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to minimum wages and agreed-upon wages, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendants; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 19th day of December, 2018

                                              WALCHESKE & LUZI, LLC
                                              Counsel for Plaintiff

                                              **s/ *Scott S. Luzi***
                                              James A. Walcheske, State Bar No. 1065635
                                              Scott S. Luzi, State Bar No. 1067405
                                              Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com